UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OLIVER BRIAN LEWIS,

              *Plaintiff*,

– against –

HOSSAIN MOHAMMAD; 616 E. 42 2023 BR LLC,

              *Defendants*.

**MEMORANDUM & ORDER**
25-cv-03109 (NCM) (MMH)

**NATASHA C. MERLE**, United States District Judge:

On June 3, 2025, plaintiff Oliver Brian Lewis, proceeding *pro se*, filed this action invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331 in relation to property located at 616 E. 42nd Street, in Brooklyn, New York ("the property"). *See generally* Compl., ECF No 1. Plaintiff paid the required filing fee. *See* ECF No. 2.

Since filing this action, plaintiff has twice amended his complaint. *See* Amended Complaint ("AC"), ECF No. 5; Second Amended Complaint ("SAC"), ECF No. 8. Plaintiff has also filed a proposed Order to Show Cause seeking an "Emergency Order for Permanent Restraining Order and Preliminary Injunction" enjoining defendants Mohammad Hossain and 616 E. 42 2023 BR LLC from "[e]nforcing any notice of eviction, warrant of removal, or deed transfer that purport[ ] to remove Plaintiff from possession" of the property. *See* Proposed Order to Show Cause ("proposed OTSC") 2, ECF No. 11.[1]

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

After plaintiff filed his SAC, defendants submitted a request for a pre-motion conference in advance of filing a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Pre-Motion Conference Request ("PMC Req."), ECF No. 13.

Defendants' request for a pre-motion conference is DENIED without prejudice to renew. As discussed below, plaintiff's request for preliminary injunctive relief is **DENIED**. Additionally, plaintiff is directed to Show Cause by filing a written document, signed by him, within 30 days from the date of this Order, setting forth why the action should not be dismissed for lack of subject matter jurisdiction. All further proceedings in this action are stayed.

## BACKGROUND

This case involves a dispute over the ownership and possession of property located at 616 E. 42nd Street, in Brooklyn, New York. *See generally* SAC. Plaintiff alleges that he holds a secured and superior equitable interest in the property based on a perfected UCC filing connected to the estate of his late mother. SAC 1–2. He asserts that this interest predates and overrides any rights later claimed by defendants Mohammad Hossain and 616 E. 42 2023 BR LLC ("defendants"), who he alleges sought possession of the property despite having both actual and constructive notice of his prior claim. SAC 1–2. Plaintiff further alleges that in or around March 2023, defendants initiated eviction and enforcement actions without legal authority, impairing his vested rights. SAC 2. Plaintiff asserts that the actions taken by defendants violated the Contracts Clause of the United States Constitution, which prohibits state action impairing contractual obligations. SAC 2.

Plaintiff also asserts that defendants acted under color of state law in attempting to dispossess plaintiff of the property at issue, and that their actions violated plaintiff's superior interest in the property which was secured pursuant to USS § 9-317(a)(2). It appears that plaintiff is referring to a prior state court post-foreclosure holdover proceeding brought against him by defendant 616 E. 42 2023 BR LLC in Kings County Civil Court, Housing Part.[2] In that case, the court entered a Decision/Order After Trial awarding defendant a final judgment of possession and ordering plaintiff's eviction. *See 616 E 42 2023 BR LLC v. Lewis*, Index Number LT-316289-23/KI. Plaintiff seeks declaratory and injunctive relief related to that court's determination. SAC 3.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While all factual allegations contained in the complaint are assumed to be true, this presumption is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Nonetheless, when the Court reviews a *pro se* complaint it must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

---

[2] Defendants attached the Decision/Order After Trial to their pre-motion conference request. *See* ECF No. 13-1.
[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, courts "remain obligated to construe a *pro se* complaint liberally").

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case *sua sponte* if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *1 (2d Cir. Mar. 16, 2023); *Phillips v. Long Island R.R. Co.*, No. 22-123, 2023 WL 2317231, at *1 (2d Cir. Mar. 2, 2023); *Nwoye v. Obama*, No. 22-1253, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018).

There are two types of federal subject matter jurisdiction. Federal question jurisdiction requires that the complaint have a claim based on federal law. *See* 28 U.S.C. § 1331. Diversity jurisdiction allows federal courts to consider cases arising under state laws, but only if the money value of the lawsuit is greater than $75,000 and defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-05369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

## DISCUSSION

### I. Plaintiff's Proposed Order to Show Cause

Plaintiff submits a proposed order to show cause seeking an "Emergency Order for Permanent Restraining Order and Preliminary Injunction." *See* Proposed OTSC.

4

However, because a permanent restraining order is generally only issued following a final judgment on the merits, the Court construes plaintiff's proposed order as seeking a temporary restraining order and a preliminary injunction enjoining defendants from "[e]nforcing any notice of eviction, warrant of removal, or deed transfer that purport[] to remove Plaintiff from possession" of the property. Proposed OTSC 2. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a pro se litigant must be . . . interpreted to raise the strongest arguments that they suggest."). Plaintiff argues that "[d]efendants are undertaking unlawful eviction efforts in violation of the Due Process Clause of the Fourteenth Amendment," and he "will suffer immediate and irreparable harm absent emergency injunctive relief." Proposed OTSC 1.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). To secure a temporary restraining order or a preliminary injunction, the plaintiff must establish the following elements: "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [his] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in [his] favor . . . ; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022). To establish irreparable harm, the plaintiff must show that in the absence of a temporary restraining order or preliminary injunction, he will suffer an injury "that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Security*, 969 F.3d 42, 86 (2d Cir. 2020).

Here, plaintiff has failed to show that he is likely to succeed on the merits of his claims or to raise sufficiently serious questions going to the merits of his claims. Plaintiff's

5

proposed order to show cause simply states that he has demonstrated a likelihood of success on the merits. *See* Proposed OTSC 1. However, neither plaintiff's proposed order to show cause nor his amended complaint allege facts that show he is likely to succeed on his claims for violation of the Contracts Clause to the United States Constitution, or for a violation of UCC § 9-317(a)(2). Moreover, federal courts lack jurisdiction to review or vacate a state court judgment of foreclosure and sale. *See Vossbrink v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).

Accordingly, plaintiff's proposed order to show cause for a preliminary injunction and temporary restraining order is **DENIED**.

## II.     Lack of Subject Matter Jurisdiction

Plaintiff's second amended complaint invokes the Court's federal question jurisdiction based on the Contracts Clause, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. 1, § 10, cl. 1. However, "the Contracts Clause applies only to legislative acts." *Sullivan v. Nassau Cty. Interim Fin. Auth*, 959 F.3d 54, 57 (2d Cir. 2020). Plaintiff does not allege that any contract between himself and the defendants was impaired by a state or legislative act. Thus, "[p]laintiff's allegations are insufficient to establish this Court's subject matter jurisdiction because simply referencing constitutional provisions or federal statutes is insufficient to establish subject matter jurisdiction." *Espinoza v. FBI*, No. 21-cv-04749, 2021 WL 6196810, at *2 (E.D.N.Y. Nov. 16, 2021); *see also Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction."); *Gaston v. Shelter*, No. 24-cv-04386, 2024 WL 3360365, at *2 (E.D.N.Y. July 10, 2024) ("Because plaintiff has not alleged a

valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.").

Furthermore, district courts do not have federal question jurisdiction over state residential housing matters. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("[Plaintiff's] complaint arises out of a landlord-tenant dispute over which the federal courts simply have no jurisdiction."); *Schmidt v. Am. Package Co., Inc.*, No. 23-cv-05821, 2023 WL 5952024, at *1 (E.D.N.Y. Aug. 3, 2023); *Nichols v. Epstein*, No. 22-cv-03187, 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023); *see also Johnson v. Ikezi*, No. 20-cv-02792, 2021 WL 1091910, at *2 (E.D.N.Y. Mar. 22, 2021) (collecting cases); *Bey v. Jones*, No. 19-cv-02577, 2019 WL 2028703, at *2 (E.D.N.Y May 8, 2019) ("[T]he Court lacks federal question jurisdiction over [plaintiff's] state law claims in this landlord-tenant matter."); *McMillan v. Dep't of Bldgs.*, No. 12-cv-00318, 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) ("Wrongful eviction claims, whether for a temporary or final eviction, are state law claims, and this Court lacks subject matter jurisdiction over them."); *Galland v. Margules*, No. 05-cv-05639, 2005 WL 1981568, at *2 (S.D.N.Y. Aug. 17, 2005) ("[T]his Court does not have federal question subject matter jurisdiction over plaintiff's housing law claims, even when such claims are dressed in the garb of constitutional claims.").[4]

---

[4]  Plaintiff also does not plead facts to establish diversity jurisdiction under 28 U.S.C. § 1332. There is no indication that plaintiff is a citizen of a different state than defendants, and plaintiff's second amended complaint lists defendant Mohammad's address as New York, where plaintiff also appears to be a citizen. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (finding that a case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state).

### III. The *Rooker-Feldman* Doctrine

To the extent that plaintiff claims that he was deprived of due process in the state housing court, and that his eviction is unlawful, this claim is barred under the *Rooker-Feldman* doctrine. This doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). The *Rooker-Feldman* doctrine bars federal district courts from reviewing claims where: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases.") (citing 28 U.S.C. § 1257).

Plaintiff, having lost in the state court eviction proceedings, now challenges the results of those proceedings and effectively seeks to overturn the state court's decision which was issued prior to the commencement of this action. The relief plaintiff requests would require this Court to void the state court's Decision/Order After Trial in the eviction case. Given the Court lacks authority to review the state court's eviction order and overturn it pursuant to the *Rooker-Feldman* doctrine, such relief is foreclosed. *See Dorce*, 2 F.4th at 104 (*Rooker-Feldman* forecloses a court from voiding a state court judgment); *Nunez v. Silber*, No. 22-cv-08416, 2023 WL 2215949, at *3 (S.D.N.Y. Feb. 22, 2023), *appeal dismissed*, No. 23-244, 2023 WL 9837927 (2d Cir. Nov. 2, 2023). Therefore, the

Court also lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine. Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Defendants' request for a pre-motion conference is **DENIED** without prejudice to renew. All further proceedings shall be stayed.

Plaintiff's proposed order to show cause for a preliminary injunction and temporary restraining order is **DENIED**. Plaintiff is directed to Show Cause by filing a written affirmation on or before September 15, 2025 setting forth why the action should not be dismissed without prejudice for lack of subject matter jurisdiction as discussed above. Fed. R. Civ. P. 12(h)(3).

If plaintiff fails to comply with this Order within the time allowed, or plaintiff's response fails to establish the Court's subject matter jurisdiction, the action shall be dismissed without prejudice for lack of subject matter jurisdiction and judgment shall enter.

Although plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                                   */s/ Natasha C. Merle*
                                                                  NATASHA C. MERLE
                                                                  United States District Judge

Dated:       August 14, 2025
                Brooklyn, New York